Chief Justice Robektson
delivered the opinion of the court.
McCiiorb sold to Tomlin a tract of land for $¡800. A title, by deed of general warranty, was to be made on a specified day, and at the same time, the payment of $200 of the consideration which remained due, was to be secured. The title was ntít made on the day, nor was the payment of the $200 secured. But Tomlin enjoyed the possession and use of the land, and McChord had, sometime after the day designated for the conveyance, deposited a deed with the clerk of the county court of Madison, in which county the land lies. Tomlin still having failed to pay, or to secure the $200, this suit, in chancery, was instituted by McChord, for enforcing his equitable lien on the land, for the $200, and for general relief.
Tomlin, in his answer, denies that he had ever accepted the deed; insists that he is not bound to accept it, because, as he alleges, the wife of McChord had not relinquished her right of dower; and he also requires an exhibition of McChord’s title.
No title has been exhibited; nor is there sufficient evidence of the relinquishment, by Mrs. McChord, of her dower. The deed is exhibited; and the clerk has sworn that the relinquishment was taken and endorsed on the deed. But no such endorsement appears in this , l r record.
The circuit court decreed that, unless the with the legal interest, should be paid, on or before a given day, the land, oras much of it as might be necessary, should be sold by a commissioner appointed for that purpose, and conveyed to the purchaser; ami. *136 that the remainder of the traci, if there should be any unsold, should be conveyed to Tomlin, by the commissioner, unless McChord’s heirs, against whom there had been an attempt to revive, should convey the title in the mean time.
Nothing short of record evidence is sufficient to divest the wife of her right to dower.
When vendor is comphiinant, seeking a. speeiji-* execution of the contract, he must, if required by defendant, exhibit such a title as the contract requires him to convey.
Caperlon, for plaintiff; Turner. for defendant.
If McChord’s title had been shown to he indisputable, the decree is erroneous.
1st. Although the title would vest in Tomlin, by relation, from the acknowledgment of the deed, by McChord and wife, if the authentication had been such as to pass the entire title; yet, as the record does not show that the wife relinquished, Tomlin is notbound to accept the deed, because nothing short of record evidence will be suflicienf to divest the wife of her right to dower.
2d. As McChord, the vendor, was complainant, it was necessary for liis representatives to show, that he had such a tide as he covenanted to convey. Tomlin had a right to demand, as he did, an exhibition of such a title; and none has been shown. If Tomlin had been the complainant, asking a rescisión for defect of title, he might not have been entitled to relief, without directly averring a wanI; of title in McChord. But, as a defendant, he has a righi to resist a specific execution, until a sufficient title shall have been shown.
The decree must, therefore, be reversed; but as Tomlin was in possession and did not ask a rescisión of the contract, time may be allowed, on the return of the ease to the circuit court, to exhibit a perfect title, if such a title can be shown.
Decree reversed, and cause remanded, for proceedings and decree consistent herewith.